UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SHAWN NEWMAN,

       Plaintiff,

  v.                                                            Case No. 13-C-664

IMPERIAL SUPPLIES, LLC,

       Defendant.

_____

ST. VINCENT HOSPITAL

       Intervening-Plaintiff

  v.

SHAWN NEWMAN, and
IMPERIAL SUPPLIES, LLC

       Intervening-Defendants.

## ORDER GRANTING INTERVENTION

      Plaintiff Shawn Newman brought this action against his former employer, Imperial Supplies, LLC, alleging violations of the Family Medical Leave Act (FMLA), 29 U.S.C. § 2601 *et seq* and the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 502(a)(3), 510. Newman contends that Imperial Supplies terminated him for his use of FMLA leave and also because he exercised his right to benefits under Imperial Supplies self-funded Health Plan. Newman requested leave from Imperial Supplies in part to undergo surgery on October 30, 2012. (Am. Compl., ¶¶ 14, 19, ECF No. 11.) On October 9, 2012, Imperial Supplies informed Newman that he was being terminated

for allegedly falsifying his FMLA paperwork and taking unapproved time off. (*Id.* ¶ 18.) Newman underwent surgery on October 30 as planned, and St. Vincent Hospital rendered services in the amount of $51,528.30. (*Id.* ¶ 20.) St. Vincent Hospital contends that the health insurance plan administrator for Imperial Supplies, United Healthcare, made a $15,339.50 payment on November 15, 2012, but recouped that payment on July 3, 2013. (*Id.* ¶ 20; Intervening Compl., ¶ 11, ECF No. 13.) Newman brought this action seeking reinstatement, backpay, and retroactive and prospective benefits under Imperial Supplies' health care plan. (*Id.* at 6.) Newman contends that as a result of his termination, he lost his health insurance and has been billed directly by health care providers for services that would otherwise have been covered by Imperial Supplies' health care plan. (*Id.* ¶ 21.)

St. Vincent Hospital now moves to intervene as of right under Rule 24(a)(2) and asserts three proposed causes of action. (ECF No. 12.) First, St. Vincent seeks to bring a breach of contract claim against Newman because he allegedly signed a document guaranteeing that he would pay any charges not covered by his insurance. (*See* Intervening Compl., Exh B.) Second, St. Vincent asserts promissory estoppel against Imperial Supplies alleging United Healthcare acted as its agent when it recouped the $15,339.50 payment and that St. Vincent detrimentally relied on United Healthcare's prior payment. (*Id.* ¶ 11-13.) Third, St. Vincent seeks to bring a claim against Imperial Supplies for breaching its fiduciary duty under ERISA and failing to pay Newman's claim in a timely manner. (*Id.* ¶ 26.) St. Vincent seeks recovery of $51,528.30 plus additional interest, fees, and costs.

Under Fed. R. Civ. P. 24(a)(2), a party must be allowed to intervene in an action if he "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." The Seventh Circuit has analyzed

2

Case 1:13-cv-00664-WCG    Filed 11/18/13    Page 2 of 5    Document 20

Rule 24(a)(2) under a four-factor test. A party has a right to intervene when: (1) the motion to intervene is timely filed; (2) the proposed intervenors possess an interest related to the subject matter of the action; (3) disposition of the action threatens to impair that interest; and (4) the named parties inadequately represent that interest. *Wisconsin Educ. Ass'n Council v. Walker,* 705 F.3d 640, 657-58 (7th Cir. 2013). "The burden is on the proposed intervenor to show that all four criteria are met; if all are not met, the district court must deny intervention of right." *CE Design Ltd. v. King Supply Co., LLC*, No. 09 C 2057, 2012 WL 2976909, at *5 (N.D. Ill. July 20, 2012) (citing *Reid L. v. Ill. State Bd. of Ed.,* 289 F.3d 1009, 1017 (7th Cir. 2002)).

First, although St. Vincent failed to file its intervening complaint by a court-imposed deadline, the court will nevertheless consider it as timely. The litigation is at an early stage, and St. Vincent's entrance at this time would not prejudice the original parties.

Second, St. Vincent has an interest in this litigation because Newman seeks to recover retrospective benefits. St. Vincent alleges that Newman assigned to St. Vincent the right to collect insurance benefits payable to Newman by "any third party" on October 30, 2012. (*See* Intervenor's Reply Br., Ex. A, ECF No. 19.) An assignee of benefits of a health insurance plan has authority to seek recovery under ERISA, 29 U.S.C. § 1132(a)(1)(B). *See Plumb v. Fluid Pump Serv., Inc.*, 124 F.3d 849, 863 (7th Cir. 1997). Although St. Vincent initially considered itself a third party beneficiary, St. Vincent's reply brief clarifies its position. St. Vincent also has an interest in recovering the recouped $15,339.50 payment.

Third, the disposition of the action between Newman and Imperial Supplies may impair St. Vincent's ability to vindicate its rights under the assignment. Imperial Supplies suggests that St. Vincent may adequately protect its interest by seeking a judgment against Newman, but this would

3

defeat the purpose of obtaining the assignment in the first place. St. Vincent presumably sought an assignment of right to payment so that it could defend its interest against Newman's insurers rather than against Newman. It remains to be seen whether a settlement or verdict in this matter will affect St. Vincent's ability to obtain payment from Newman's insurers, even if St. Vincent always has the option to sue Newman for any payments his insurers refuse to pay.

Finally, the named parties do not adequately represent St. Vincent's interest. The intervening-defendants argue that St. Vincent's interests are adequately represented by Newman in this action. *See Wisconsin Educ. Ass'n Council v. Walker*, 705 F.3d 640, 659 (7th Cir. 2013) ("Although intervention requires only a 'minimal' showing of inadequate representation, when the prospective intervenor and the named party have the same goal, a 'presumption [exists] that the representation in the suit is adequate.'") (internal citations omitted). In one sense, Newman's interests and St. Vincent's interests are aligned because both want Imperial Supplies to pay Newman's back benefits. But Newman's complaint suggests that he may be seeking back benefits for more than the $51,528.30 owed to St. Vincent, as he notes generally that he has been billed directly by "health care providers" for services and products. (Am. Compl., ¶ 21.) If Newman has a number of medical bills to pay, he may not adequately represent the interests of St. Vincent in this action.

Newman and Imperial Supplies have raised a number of issues regarding St. Vincent's claims, including whether St. Vincent has named all proper parties and whether it has exhausted its administrative remedies for its ERISA claim. These arguments go to the merits of the dispute rather than the question of whether St. Vincent should be allowed to intervene, however. I am satisfied that St. Vincent has established an interest in this lawsuit that is not sufficiently protected by the existing

4

parties.  Accordingly, the motion will be **GRANTED**.  (ECF No. 12.)  The parties will have 20 days to respond to St. Vincent's Intervening Complaint.

      **SO ORDERED** this   18th   day of November, 2013.

                         s/ William C. Griesbach
                         William C. Griesbach, Chief Judge
                         United States District Court